869 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henry WILEY, Petitioner-Appellant,
v.
Al C. PARKE; Attorney General of Kentucky, Respondents-Appellees.
 No. 88-5337.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1989.
 
 1
 Before BOYCE F. MARTIN Jr., and RYAN, Circuit Judges, and JOHN W. POTTER, District Judge.*
 
 ORDER
 
 2
 Henry Wiley appeals pro se from the denial of his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Wiley is incarcerated in Kentucky on several convictions. In September 1981 he and a co-defendant were indicted in Ohio on charges of aggravated burglary and complicity to aggravated burglary; detainers were lodged with the Kentucky authorities. Petitioner alleges, but the record does not show, that he invoked his right to a speedy trial under the Interstate Agreement on Detainers (IAD). The record does show that petitioner has initiated various challenges to the detainer in both Ohio and Kentucky state courts, as well as a habeas corpus action in the Southern District of Ohio. All of these actions have been dismissed because of petitioner's failure to exhaust his remedies under the IAD. The District Court for the Western District of Kentucky denied the instant petition on the same ground.
 
 
 4
 Upon consideration, we find the district court's action to be proper. Petitioner may raise his speedy trial claim in the Ohio courts both by invocation of the IAD and as a defense in any eventual trial on the charges. Therefore, he may not attempt, in a pre-conviction habeas action, to prevent his prosecution under the charges. See Atkins v. People of State of Michigan, 644 F.2d 543, 547 (6th Cir.), cert. denied, 452 U.S. 964 (1981); Gully v. Kunzman, 592 F.2d 283, 286 (6th Cir.), cert. denied, 442 U.S. 924 (1979). Nor may he force the state to go to trial by way of this action, when remedies under the IAD remain available. Atkins, 644 F.2d at 546.
 
 
 5
 Accordingly, the district court's denial of this petition is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John W. Potter, U.S. District Judge for the Northern District of Ohio, sitting by designation